Dear Senator Schedler:
Reference is made to your recent request for an Attorney General's Opinion regarding Act 143 of the First Extraordinary Session of 2000 ("Act 143"), which enacted LSA-R.S. 2691-2692. Act 143 established the Medicaid Trust Fund for the Elderly. More pertinent to your question is Act 143's authorization of the implementation of an intergovernmental transfer program by the Department of Health and Hospitals ("DHH") to generate additional funds to be used by the Medicaid program and to enhance payments to nursing homes.
According to your correspondence, intergovernmental transfers are permissible under federal law, and are a means by which states can secure additional state match for their Medicaid programs from local governmental entities. You advise that generally, a local governmental entity will transfer funds to the state Medicaid agency, (in this state, DHH) and the state Medicaid agency will use those funds, along with state general funds, to match federal funds. In Louisiana, the match rate is 30% state and local funds and 70% federal funds. Your letter requests that this office consider a particular proposal, which is currently under consideration for the state's intergovernmental transfer plan. Specifically, you have asked this office to examine whether state law, and in particular La. Const. Art. VII, Sec. 14, would prohibit the proposal in question. Your letter did not request, nor did we attempt to undertake, an examination of the legality of the proposed plan in accordance with federal law.
The undersigned has reviewed the information you forwarded to us, and I have also had the opportunity to discuss this matter with Mr. Charles Castille, Undersecretary of DHH. It is our understanding that in accordance with the proposed plan, DHH will pay the maximum amount allowed by federal law (i.e. the Medicare upper payment limit) to certain selected parish nursing homes. 30% of the funds used to pay these nursing homes will come from state appropriations and 70% will come from federal funds. Then, pursuant to a cooperative endeavor agreement between the nursing homes and DHH, the nursing homes would return the amounts paid to them by DHH, less their expenses and an acceptable fee, to DHH (the "intergovernmental transfer"). Upon receipt of the intergovernmental transfer, DHH would replenish the state match by returning those funds to the general fund, and deposit the rest of the transfer (70%) in the trust fund statutorily created by Act 143. The amounts returned to DHH would be used by DHH to obtain additional federal matching funds.
As you are no doubt aware, La. Const. Art. VII, Sec. 14 generally prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private." In our opinion, the proposed intergovernmental transfer plan that you and Mr. Castille have described does not violate La. Const. Art. VII, Sec. 14.
Although the proposed arrangement between DHH and the nursing homes is intended to be of financial benefit to both the nursing homes involved and the state, through DHH, we do not view the proposed transactions as involving a prohibited donation. As we understand the proposed arrangements, although both DHH and the nursing homes will receive from the other something of value (i.e. the transferred funds), neither party will be acting solely for the benefit of the other. Rather, both DHH and the nursing homes in question will be acting in their own best interests, presumably on behalf of the members of the public each party serves, in order to receive enhanced funding.
Please be further advised that our research of state law did not reveal any prohibition to the proposal described above. As previously noted, the undersigned has discussed this matter with Mr. Castille, Undersecretary of DHH. Mr. Castille has assured the undersigned that his research, and that of his legal staff, revealed no prohibitions either. We also note, as you did in your letter, that Act 143 is itself enabling legislation that authorizes the implementation of an intergovernmental transfer plan and the deposit of funds in the trust fund created thereby.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in the future.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ Jeanne-Marie Zeringue Barham Assistant Attorney General
RPI/JMZB/dra
xc: Mr. Charles F. Castille Mr. Frank H. Perez